GEORGENE THROOP, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Throop v. Commissioner
Docket No. 20643-92
United States Tax Court
T.C. Memo 1994-10; 1994 Tax Ct. Memo LEXIS 8; 67 T.C.M. (CCH) 1946; 73 A.F.T.R.2d (RIA) 417; January 10, 1994, Filed *8 Decision will be entered under Rule 155. Georgene Throop, pro se. For respondent: Ladd C. Brown, Jr.
DINAN
DINAN
MEMORANDUM OPINION DINAN, Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182. [1]
Respondent determined deficiencies in petitioner's Federal income tax and additions to tax as follows: Additions to Tax
Year
Deficiency
Sec. 6651(a)(1)
Sec. 6653(a)(1)(A)
1986
$ 2,571
$ 338.25
$ 128.55
1987
3,858
549.90
192.90
1988
4,914
842.00
--
1989
6,454
500.00
--
Additions to Tax
Year
Sec. 6653(a)(1)(B)
Sec. 6653(a)(1)
Sec. 6654(a)
1986
[1]
--
--
1987
[1]
--
--
1988
--
$ 245.70
$ 204.20
1989
--
--
101.69
Some of the facts *9 have been stipulated and are so found. The stipulations of fact and attached exhibits are incorporated herein by this reference. After concessions by the parties, the issues remaining for decision are: (1) Whether petitioner is liable for the section 6651(a)(1) additions to tax for the years 1986 through 1989; (2) whether petitioner is liable for the section 6653(a)(1)(A) and (B) additions to tax for the years 1986 and 1987, and the section 6653(a)(1) addition to tax for the year 1988; and (3) whether petitioner is liable for the section 6654(a) additions to tax for the years 1988 and 1989. Petitioner resided in Pembroke, Florida, on the date the petition was filed in this case. At the time of trial, petitioner stated she still had not filed Federal income tax returns for the years in issue. In fact, petitioner claimed that she has never filed a Federal income tax return. Petitioner testified that she is a single mother and has been since her son's birth. The boy's father divorced petitioner while she was pregnant. According to petitioner, since her son's birth, she has been too busy and preoccupied with raising her son; merely trying to survive financially leaves no time *10 to worry about filing a Federal income tax return. To make ends meet, petitioner stated that she has always had to work at more than just one job. Specifically, during the years in issue, petitioner worked three jobs: she worked as a secretary, a respiratory therapist, and a real estate broker. The parties stipulated that petitioner received income in the amount of $ 19,031 in 1986, $ 25,143 in 1987, $ 27,514 in 1988, and $ 35,052 in 1989. The first issue for decision is whether petitioner is liable for section 6651(a)(1) additions to tax. Section 6651(a)(1) imposes an addition to tax for failure to timely file a return, unless the taxpayer establishes: (1) The failure did not result from "willful neglect"; and (2) the failure was "due to reasonable cause". "Willful neglect" has been interpreted to mean a conscious, intentional failure, or reckless indifference. . "Reasonable cause" requires the taxpayer to demonstrate that he exercised ordinary business care and prudence and was nonetheless unable to file a return within the prescribed time. ; *11 Sec. 301.6651-1(c)(1), Proced. and Admin. Regs. The addition to tax equals 5 percent of the tax required to be shown on the return for the first month, with an additional 5 percent for each additional month or fraction of a month during which the failure to file continues, not to exceed a maximum of 25 percent. Sec. 6651(a)(1). Although petitioner concedes that she did not file tax returns for the years in issue, she maintains that she had been too busy and preoccupied with raising her son and working to file a return. While general incompetence, mental illness, alcoholism, or other incapacity may excuse a taxpayer from filing, a taxpayer's general disregard of her duty to file does not excuse her failure to file. See ; ; ; ; . During the years in issue, petitioner was able to perform three jobs at once. *12 She appears to be a responsible person, and she was aware of her statutory obligation to file returns. There is no evidence that she was incapable of fulfilling that obligation -- if she had desired to do so. Merely being a single mother or parent, while admittedly a difficult task, is certainly in and of itself not reasonable grounds for failure to file a return. Therefore, respondent's determination is sustained. The second issue for decision is whether petitioner is liable for the section 6653 additions to tax. For returns due before 1990, if any part of the underpayment of tax is due to negligence or intentional disregard of rules or regulations, a tax equal to 5 percent of the underpayment is added. For returns due before 1989, there is an amount added equal to 50 percent of the interest payable under section 6601 on the portion of the underpayment attributable to negligence. Respondent's determination of negligence is presumed to be correct, and petitioner bears the burden of proving that the addition does not apply. Rule 142(a); . Negligence under these sections is defined as the failure *13 to do what a reasonable and ordinarily prudent person would do under the circumstances. , affg. ; . A taxpayer has a statutory duty to timely file a Federal income tax return, and the breach of this duty is evidence of negligence. , affd. . Petitioner has not proved that her failure to file was reasonable or that she acted with ordinary prudence. We found petitioner to be an intelligent person and that based on her employment record, she is being compensated for her intelligence and industry. Petitioner's generalizations about being preoccupied and too busy to file income tax returns do not establish that she was not negligent. Therefore, respondent's determination is sustained. The last issue for decision is whether petitioner is liable for the section 6654(a) addition to tax. Section 6654 imposes an addition to tax where payments of *14 the tax, either through withholding or by making quarterly payments during the course of the year, do not equal the percentage of total liability required by the statute. Sec. 6654(a). The addition to tax under section 6654(a) is mandatory unless the taxpayer can establish that one of several exceptions listed in section 6654(e) applies. , affd. in part and revd. in part ; . Petitioner has not shown that any of the exceptions listed in section 6654(e) apply. Therefore, respondent's determination is sustained. Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code in effect for the taxable years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
1. 50 percent of the interest due on the underpayment of tax attributable to negligence↩